UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALYSSA SCHEINER et al.,

        Plaintiff,                                **MEMORANDUM AND ORDER**
                                                              10-CV-0096 (RRM) (RER)

   - against -

ACT INC., a/k/a AMERICAN COLLEGE
TESTING, INC.,

        Defendant.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Alyssa Scheiner brings this action against American College Testing, Inc. ("ACT"), alleging a violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff alleges that ACT wrongfully denied her request for testing accommodations on the ACT examination, a well-known college admissions test. Presently before the Court is defendant's motion to dismiss plaintiff's claim on the grounds that it has been rendered moot by her enrollment in college. For the reasons that follow, defendant's motion is GRANTED and plaintiff's ADA claims are DISMISSED with prejudice.

## BACKGROUND

      On January 11, 2010, plaintiff, through her parents and legal guardians, filed her initial complaint against ACT. (Doc. No. 1.) At the time, plaintiff was a seventeen year-old high school student preparing to apply to college. (Compl. at 2, ¶ 6.) As alleged, she suffered, then as now, from serious visual impairments that impede her ability to perform such tasks as reading and driving. (Compl. at 2-3, ¶ 8.)[1] All of plaintiff's college applications required her to take the

---

[1] According to Ms. Scheiner's doctor, these visual impairments include diplopia (double vision), oculomotor dysfunction (the inability to follow a fixed object or quickly shift one's eyes), convergency insufficiency (inability

1

ACT examination. (Compl. at 3, ¶ 13.) Because of her visual impairments, plaintiff sought to take the examination with certain testing accommodations such as extended time, test print enlargement and exemption from the use of a Scantron answer sheet. (Compl. at 5, ¶ 20.) ACT denied plaintiff's request for all such accommodations, allegedly in violation of the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq*. (Compl. at 5, ¶ 21-22.) Plaintiff claimed that her resulting scores on the ACT examination were "significantly lower" than they would have been if ACT had provided her with the accommodations she sought. (Compl. at 4, ¶ 14.) Plaintiff sought preliminary and permanent injunctive relief to compel ACT to provide reasonable testing accommodations, as well as compensatory and punitive damages and fees. (Compl. at 7, ¶¶ 1-2.) Defendant denied that plaintiff was entitled to testing accommodations and that its refusal to provide accommodations violated the ADA. (Ans. (Doc. No. 6) at 3, ¶ 14.)

In January 2012, after discovery had been completed, the parties filed a joint status report indicating that "the basic dispute between the parties [had] changed" due to plaintiff's acceptance to Queens College. (Jan. 6 Joint Status Report (Doc. No. 20) at 1-2, ¶¶ 3, 5.) As plaintiff no longer planned to re-take the ACT examination, she withdrew her request for an injunction compelling the ACT to provide testing accommodations. (*Id.* at 2, ¶ 5.) Instead, she sought "a determination . . . by the Court as to whether her diagnosed symptoms [qualified] her for ADA protection and accommodations." (*Id.* at 2, ¶ 7.) Plaintiff also acknowledged that the ADA does not authorize civil penalties except where enforcement is sought by the Attorney General, and therefore withdrew her request for damages. (*Id.* at 2, ¶ 6.) In a subsequent letter to the Court, plaintiff explicitly acknowledged that the two causes of action she initially filed –

---

to aim both eyes at a close object), and accommodative insufficiency (inability to change focus). (Compl. at 2-3, ¶ 8.) Plaintiff states that these disabilities "substantially limit one or more of [her] major life activities." (Compl. at 4, ¶ 18.) Because the Court finds that plaintiff's claim is moot, it is unnecessary to determine whether these impairments fall within the definition of "disability" under § 12102(1)(A) of the Americans with Disabilities Act.

for injunctive relief and damages – had been rendered moot by her acceptance to college.  (Pl.'s Jan. 27 Letter (Doc. No. 21) at 1.)  She requested leave to amend her complaint to seek a declaratory judgment against ACT as to whether her disabilities qualified for testing accommodations under the ADA.  (*Id*.)

In response to the changed nature of the dispute, the Court ordered plaintiff to submit briefing as to why her complaint should not be dismissed for lack of subject matter jurisdiction.  (Order (Doc. No. 24).)  As the Court noted, the action "[appeared] no longer to present a justiciable case or controversy."  (Order at 2.)  Plaintiff then filed a letter as directed (Doc. No. 26) and attached a proposed amended complaint, which the Court accepted.  (Minute Entry (Doc. No. 29).)  The amended complaint seeks "declaratory judgment against the ACT that the ACT violated the ADA when denying Scheiner's request for reasonable accommodations, and compelling the ACT to implement new policies and procedures in evaluating requests for accommodations under the ADA."[2]  (Am. Compl. (Doc. No. 26) at 5, ¶ 1.)

Defendant moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on the grounds of mootness and failure to state a claim.  (Mot. to Dismiss (Doc. No. 30).)  The Court agrees with defendant that plaintiff's enrollment in college has mooted her sole claim, depriving this Court of subject matter jurisdiction to adjudicate it.  (Mot. to Dismiss at 2.)  It is therefore unnecessary to determine whether or not plaintiff's amended complaint is sufficient to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

---

[2] Though plaintiff styles her prayer for relief as a request for declaratory judgment, she effectively continues to seek an  injunction against the ACT.  A declaratory judgment does not "compel" parties to act; rather, it "[declares] the rights and other legal relations of any interested party seeking such a declaration" in cases of "actual controversy."  Declaratory Judgment Act, 28 U.S.C. § 2201.  Further relief, such as an injunction, "may be granted . . . against any adverse party whose rights have been determined by such judgment," but only after "reasonable notice and hearing."  28 U.S.C. § 2202.

## LEGAL STANDARD

I. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). Lack of subject matter jurisdiction is not waivable, and may be raised at any time by any party or by a court *sua sponte*. *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003). In considering a motion to dismiss for lack of subject matter jurisdiction, a district court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex. rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir. 2004). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

II. **Mootness**

"Mootness is a doctrinal restriction stemming from the Article III requirement that federal courts decide only live cases or controversies." *In re Zarnel*, 619 F.3d 156, 162 (2d Cir. 2010). A case is moot if "the parties lack a legally cognizable interest in the outcome" of the case. *Fox v. Bd. Of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994). Mootness results "when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Irish Lesbian and Gay Organization v. Guiliani*, 143 F.3d 638, 647 (2d Cir. 1998). Mootness is a jurisdictional defect and deprives a court of the authority to adjudicate a case. *Fox*, 42 F.3d at 140.

4

There is a narrow exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). The "capable of repetition" doctrine applies only in exceptional situations, and only when two requirements are met. *Id*. First, a plaintiff seeking to invoke the exception must show that the challenged conduct is "in its duration too short to be fully litigated prior to cessation or expiration." *Id*. Second, there must be "a reasonable expectation that the same complaining party [will] be subject to the same action again." *Id*. The standard for demonstrating a "reasonable expectation" is a stringent one: the possibility of recurrence may not be merely speculative. *See Van Wie v. Pataki*, 267 F.3d 109, 114 (2d Cir. 2011) (refusing to apply the exception where there was "a mere theoretical possibility that the controversy is capable of repetition"). Finally, "same action" means that the "*same parties* are reasonably likely to find themselves again in dispute over the issues raised" in the action. *Video Tutorial Services, Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 6 (2d Cir. 1996).

## DISCUSSION

Defendant argues that plaintiff's current enrollment in Queens College renders her claim against the ACT moot. (Mot. to Dismiss at 2.) Because Scheiner has graduated from high school, been admitted to and enrolled in Queens College, she will never again take a standardized test used only in college admissions, with or without reasonable accommodations. (*Id*.) Plaintiff acknowledges that she "does not plan on taking the ACT examination again." (Pl.'s Mem. in Opp'n. (Doc. No. 32) at 4.) However, she maintains that her current claim for declaratory judgment against the ACT is not moot and continues to present an "actual controversy" under the Declaratory Judgment Act. (*Id*.) Plaintiff also argues that her cause of action falls into the recognized exception to the mootness doctrine for claims that are "capable of

5

repetition, yet evading review." (*Id.*)  Neither of these arguments is successful, however, and plaintiff's sole cause of action is moot.

I.     **The Declaratory Judgment Act Does Not Preserve Plaintiff's Claim**

Plaintiff claims that there remains "an actual controversy between the parties as contemplated by [the Declaratory Judgment Act]." (Pl.'s Mem. in Opp'n at 4.)  Plaintiff's reliance on the Declaratory Judgment Act fails to save her claim from mootness.  Federal district courts "have no jurisdiction to render declaratory judgments when the underlying questions are moot or otherwise non-justiciable." *Pancake v. McCarthy*, 806 F. Supp. 378, 379 (E.D.N.Y. 1992).  *See also MHANY Management Inc. v. County of Nassau*, 843 F. Supp. 2d 287, 312 (E.D.N.Y. 2012) (holding that "a litigant may not use the declaratory judgment statute to secure judicial relief of moot questions); *Shariff v. Coombe*, 655 F. Supp. 2d 274, 297 n. 27 (S.D.N.Y. 2009) ("The Declaratory Judgment Act cannot resurrect substantive claims that are defeated by jurisdictional, exhaustion, mootness, or other defenses."); *American Dietaids Co. v. Celebrezze*, 215 F. Supp. 252, 254 (S.D.N.Y. 1963) (finding that "an actual controversy" contemplated by the declaratory judgment statute "differs from one that is academic or moot").  Furthermore, declaratory judgment is inappropriate when it is sought to adjudicate past acts, such as ACT's refusal to accommodate Ms. Scheiner's specific disabilities and her subsequent experience taking the ACT examination without such accommodations. *See S.E.C. v. Credit Bancorp, Ltd.*, 738 F. Supp. 2d 376, 388-389 (S.D.N.Y. 2010).  As defendant correctly states, a "change in the relief requested [from an injunction to declaratory judgment] does not prevent mootness." (Mot. to Dismiss at 5.)

## II. Plaintiff's Claims are Not "Capable of Repetition, Yet Evading Review"

Plaintiff also argues that her claim falls within the narrow exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." (Pl.'s Mem. in Opp'n at 5.) Plaintiff devotes no argument to the first prong of the test for this exception's application (whether the challenged action is too short in duration to be fully litigated prior to its expiration) and misunderstands the second (whether there is a reasonable expectation that the challenged action will recur). She states that "capable of repetition" means that "there is a reasonable expectation that the same complaining party would be subject to the same action again." (*Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).) This is a correct but incomplete statement of the second prong of the "capable of repetition, yet evading review" test. There is "a *third* requirement, which is really a gloss on the second: [the party seeking to show that the action is not moot] must show that these *same parties* are reasonably likely to find themselves again in dispute over the issues raised in this appeal." *Video Tutorial Services,* 79 F.3d 3 at 6 (emphasis in original). *See also Dennin v. Connecticut Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996).

Plaintiff has not shown that she is likely to "find [herself] again in dispute over these issues" with ACT. She contends that "she will face this exact same issue the next time she applies to take a standardized examination," and that when she does so, "other testing administrators may look to this lawsuit in deciding whether [she] qualifies for [testing] accommodations." (Pl.'s Mem. in Opp'n at 4-5). By way of example, plaintiff states that the Medical College Admission Test ("MCAT") uses an application for testing accommodations that is similar to ACT's and requires applicants to specify whether they have received accommodations in the past. (*Id.* at 4.) Plaintiff's hypothetical pursuit of testing

7

accommodations from the Association of American Medical Colleges, the entity that administers the MCAT, does not make her claim *against ACT* "capable of repetition." To the contrary, her own argument indicates that any future damages she may suffer will come from parties other than ACT. It is clear that she will not face the "same action" by the same party again, and therefore her claim is not "capable of repetition."

As for ACT, plaintiff believes that because it "still claims that it did not violate the ADA" in denying plaintiff's request for accommodations, it will "continue to violate the ADA when it . . . applies the same incorrect standards in considering future requests for accommodations." (Pl.'s Mem. in Opp'n at 5, 7.) Unless this Court steps in, plaintiff argues, ACT will have "free reign" to deny future test-takers the accommodations they seek. (*Id.* at 1.) This Court may not use plaintiff's nonjusticiable claim to impose a judgment against ACT on behalf of non-party future test-takers. If ACT denies students reasonable testing accommodations in the future, those students may choose bring their own causes of action against ACT. Until then, no court may adjudicate their hypothetical claims.

## CONCLUSION

Defendant has shown that plaintiff's only claim against ACT has been rendered moot by the fact that plaintiff currently attends college and therefore will never again need to take the ACT examination, as she herself has acknowledged. Plaintiff has failed to show that her claim is "capable of repetition, yet evading review" with respect to ACT. Her case is therefore nonjusticiable, as the Court has no subject matter jurisdiction to consider a dispute over Ms. Scheiner's visual impairments that may or may not arise with respect to another party in the future.

Accordingly, defendant's motion to dismiss is GRANTED and plaintiff's claims are DISMISSED with prejudice.  The Clerk of Court is hereby directed to enter judgment for the defendant and close this case.

                                                     SO ORDERED.

Dated: Brooklyn, New York                     *Roslynn R. Mauskopf*
       February 24, 2013                     _____
                                                    ROSLYNN R. MAUSKOPF
                                                    United States District Judge